COMMONWEALTH AND MILLSPAUGH'S EXOR. v. W. B. TIPTON.

Attorney and Client—Assignment of Execution by Attorney Without Author-
    ity—On Collection Sheriff Should Pay to Original Owner of Execution.
        Where an attorney transfers his client's execution without authority,
    the sheriff who collects same is liable to the original owner for the
    amount.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 20, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an action against the appellee as sheriff of Mont-
gomery county, for failing to pay over to the plaintiff, or his at-
torney for him, the amount of a debt, collected by the defendant,
on an execution in favor of the plaintiff, R. M. Hathaway, as
executor of Levi Y. Millspaugh, deceased, against J. H. Graves,
which, as the plaintiffs in their petition alleged, was without
right, paid by the defendant to L. D. Wilson, who "pretended to
own said execution by sale and transfer, made on it by one J. M.
Crawford, attorney for Millspaugh's executor;" said sale and
transfer having been made without the knowledge, consent or
authority of the plaintiff.

The court below having dismissed the petition, on demurrer,
the plaintiffs have appealed to this court.

Regarding, as we must, the allegation as true, that the defend-
ant, without the knowledge of the plaintiff, paid the money to
Wilson, who claimed it as a purchaser and assignee of the attor-
ney, Crawford, the only essential question to be determined is,
whether the sale and transfer of the debt by the plaintiff's attor-
ney, though wrongfully made, were sufficient to authorize the
sheriff to pay the money to Wilson.

We think the proper scope and extent of the duty and authority
of an attorney at law are ordinarily limited to, the institution of
suits and their prosecution or defense, and such acts, in and out
of court, pertaining thereto, including the receipt of money for
the client, as the latter might do himself in order to obtain or

protect his rights by means of his suit or defense; but the employ-ment of attorney does not imply an agency to sell and transfer the client's claims or authority to convert them to the attorney's own use (Smith's Heirs vs. Dixon, &c., 3 Metcalf 438).

It results that, in our opinion, the petition disclosed a good cause of action, and the court erred in sustaining the demurrer.

Wherefore, the judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceed-ings not inconsistent with this opinion.

*Apperson & Reid, for appellants.*
*Tenney & Summers, for appellee.*